UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CRUZ,

-vs-  Case No.  8:03-cr-215-T-24EAJ
           8:05-cv-1223-T-24EAJ

UNITED STATES OF AMERICA.
_____

### ORDER

This cause is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1, cr-229).

BACKGROUND

Defendant pled guilty to count one of a Second Superseding Indictment <u>pursuant to a written plea agreement that contained a waiver of appeal</u>.  The waiver states:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines.  Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole.  Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Plea Agreement, Doc. cr-131, p. 12, ¶ 5).

Count one charged Defendant with conspiracy to manufacture 100 grams or more of phencyclidine, also known as PCP, a schedule II controlled substance, "contrary to" 21 U.S.C.

§§ 841(a)(1), and in violation of 21 U.S.C. §§ 846 and 841(b)(1)(a)(iv). Under the terms of the plea agreement, the remaining counts were to be dismissed at sentencing.

On June 25, 2004, the Court sentenced Defendant to 135 months incarceration. Counts Two through Seven of the Second Superseding Indictment, the First Superseding and the Original Indictment were dismissed on the Government's motion. (Doc. cr-180). Judgment was entered June 25, 2004. (Doc. cr-180).  Defendant did not file a direct appeal. Cruz certifies in the Certificate of Service of the present 28 U.S.C. § 2255 motion to vacate that he delivered the motion to vacate to prison authorities for mailing on June 24, 2005.  Therefore, the motion to vacate is timely.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Defendant's motion to vacate must be **DENIED**.

In his motion to vacate, Defendant Cruz alleges that his counsel "rendered ineffective assistance [at sentencing] when same failed to argue Movant's minor role in the offense under the then newly-enacted provisions of Amendment "635."

### Claim Has No Merit

After Defendant's plea hearing, the United States Magistrate Judge found that Cruz entered voluntarily, intelligently, and knowingly into the guilty plea agreement. She found Cruz was competent. (Doc cr-217, p. 55). She also found that there was a factual basis for the plea. (Doc. cr-217, p. 53).

In <u>Williams v. United States</u>, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit considered an appeal waiver containing the exact same language as that contained in Defendant Cruz's appeal waiver. Having considered the language in Williams' appeal waiver,

the Eleventh Circuit held that a valid sentence-appeal waiver, "entered into voluntarily and knowingly pursuant to a plea agreement, precluded movant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams, 396 F.3d at 1341-1342.

In his section 2255 motion, Defendant Cruz does not allege that his plea was not knowingly and voluntarily entered. Therefore, his claim fails under the holding in Williams.

Accordingly, the Court orders:

That Defendant's motion to vacate (Doc. cv-1, cr-229) is denied, with prejudice. The Clerk is directed to enter judgment against Cruz in the civil case and to close that case.

ORDERED at Tampa, Florida, on July 18, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Jeffrey S. Downing

Pro Se: John Cruz